UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TERESA BROWN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 4:11-CV-58 |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| Defendant | ) | |

OPINION AND ORDER

Teresa Brown seeks judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income under Title II and XVI of the Social Security Act, 42 U.S.C. §§ 423 and 1382. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3). For the reasons that follow, the court affirms the Commissioner's decision.

Ms. Brown contends that she has been disabled since May 27, 2005 due to the residual effects of a closed head injury suffered in May 1999, including post-concussive syndrome, headaches, depression, anxiety, decreased fine motor coordination, and cognitive decline affecting her ability to concentrate, remember information, and learn new material. Her claims were denied initially, on reconsideration, and after an administrative hearing in March 2008; this court reversed the Commissioner's decision and remanded for further proceedings

___

[1] Carolyn W. Colvin, the Acting Commissioner of Social Security, has been substituted as the named defendant, pursuant to Fed. R. Civ. P. 25(d)(1).

because the ALJ hadn't adequately supported his residual functional capacity determination or his findings regarding the type of work Ms. Brown was capable of performing. Brown v. Astrue, 2009 WL 4730576 (N.D. Ind. Dec. 3, 2009). That order included a detailed summary of the case's procedural background and medical evidence, and needn't be repeated here.

A second administrative hearings was conducted on remand, during which the ALJ heard testimony from Ms. Brown and vocational expert Robert Barber. The ALJ again concluded that Ms. Brown wasn't disabled within the meaning of the Act at any time between the alleged onset date and November 5, 2010, and wasn't entitled to benefits. The ALJ's decision became the agency's final decision when the Appeals Council denied review. 20 C.F.R. § 404.981; Fast v. Barnhart, 397 F.3d 468, 470 (7th Cir. 2005). This appeal followed.

The ALJ used the agency's standard five-step evaluation process. *See* Bowen v. Yuckert, 482 U.S. 137, 141 (1987); Stevenson v. Chater, 105 F.3d 1151, 1154 (7th Cir. 1997). He found at steps one, two, and three that Ms. Brown had performed no substantial gainful activity after May 27, 2005, and that her impairments (post concussive syndrome and depression) were severe but didn't meet or equal the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpt. P, App. 1, specifically Listing 12.02. At step four, the ALJ found that Ms. Brown had the residual functional capacity to perform a full range of work at all exertional levels, with the following nonexertional limitations: she would need employment that

(1) didn't "require[] her to meet deadlines, implement business strategies or supervise others";

(2) "minimized her exposure to situations that would require her to learn new tasks under time pressure";

(3) allow[ed] [her] to learn new tasks singularly," "to use compensatory strategies such as additional training," and to "carry out only simple and repetitive tasks";

(4) involved "only simple and repetitive tasks"; and

(5) didn't require her to "climb ladders, scaffolds, or ropes" or involve "environmental hazards such as unprotected heights and moving machinery."

Based on those findings and the vocational expert's testimony, the ALJ found that Ms. Brown could perform her past relevant work as a call-out clerk, and, alternatively, would be able to perform a significant number of other jobs, including general office clerk, file clerk, library clerk, sorter, apparel sorter, housekeeper, packing line worker, paramutual ticket checker, and hand packager; and so wasn't disabled within the meaning of the Act.

Ms. Brown challenges the ALJ's findings at steps two, four, and five of disability evaluation. She contends that the ALJ erred in finding that her migraine headaches were not severe and that his findings with respect to her ability to perform past work and other jobs weren't supported by substantial evidence. The court disagrees.

The issue before the court isn't whether Ms. Brown is disabled, but whether substantial evidence supports the ALJ's decision. Nelms v. Astrue, 553 F.3d 1093, 1097 (7th Cir. 2009). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). The court can't reweigh the evidence, make independent findings of fact, decide credibility, or substitute its own judgment for that of the Commissioner. Simila v. Astrue, 573 F.3d 503, 513 (7th Cir. 2009); Powers v. Apfel, 207 F.3d 431, 434-435 (7th Cir. 2000). The ALJ isn't required "to address every piece of evidence or testimony presented, but must provide a 'logical bridge' between the evidence and the conclusions so that [the court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." Jones v. Astrue, 623 F.3d at 1160. The ALJ has fulfilled that obligation in the this case.

The record contains substantial support for the ALJ's findings regarding the severity of Ms. Brown's headaches, most notably the records from Ms. Brown's treating physician, Dr. David Larsen, which showed that headaches were a continuing problem, but were improving and seemed to be well-controlled with medication (Exhs. 3F, 18F, and 22F). Ms. Brown's work history following the accident and statements indicating that her headaches were sporadic and significantly improved with medication also support the ALJ's assessment of her impairment, as does the the absence of any objective evidence showing that

4

headaches significantly limited her ability to perform basic work activities, or resulted in any work-related restrictions or limitations. The law requires nothing more. *See* Nelms v. Astrue, 553 F.3d at 1097; 20 C.F.R. §§ 404.1521 and 416.921.

Ms. Brown also contends that the ALJ's findings at steps four and five aren't supported by substantial evidence, but she provides little or no authority for the conclusory arguments she makes. She contends that her job as a "Secondary Mortgage Clerk" at Huntington National Bank (the "call-out clerk" position) doesn't constitute "past relevant work" because it "most likely . . . ended during the beginning of 1995," more than fifteen years before disability was decided. She also argues that she isn't capable of performing that job, even if it were relevant, because she has cognitive difficulties and because the job requires computer skills, organizational skills, and customer service skills, which she no longer possesses. Ms. Brown also contends that the ALJ failed to identify the DOT number for call-out clerk; the ALJ didn't address some of the issues discussed in the remand order, "like her difficulty with persistence, pace, [and] possible need for additional breaks, retraining, and memory joggers"; and that the ALJ's reliance on the vocational expert's testimony at step five of the disability evaluation was misplaced.

Ms. Brown was represented by counsel at the administrative hearing, and "is presumed to have made [her] best case before the ALJ," Skinner v. Astrue, 478 F.3d 836, 842 (7th Cir. 2007), yet raises a challenge to the ALJ's findings about the timing of past relevant work for the first time in her second appeal, and

5

provides no evidence of record to support the contention that her past work wasn't relevant because it occurred more than fifteen years before disability was decided. Under the circumstances, the court cannot find that the ALJ erred in considering her past work as a call out clerk relevant.

To decide whether Ms. Brown's residual functional capacity allowed her to perform her past relevant work, the ALJ had to compare the demands of the past work, either as actually performed or "as generally required by employers throughout the national economy," Orlando v. Heckler, 776 F.2d 209, 215-216 (7th Cir. 1985), with her present capacities. Strittmatter v. Schweiker, 729 F.2d 507, 509 (7th Cir. 1984). The ALJ did just that, and concluded that Ms. Brown could perform her past relevant work as a call-out clerk, and so wasn't disabled within the meaning of the Act. Again, the law requires nothing more. Smith v. Barnhart, 388 F.3d 251, 253 (7th Cir. 2003) (a claimant who "cannot perform the excessive functional demands and or job duties actually required in the former job but can perform the functional demands as generally required by employers throughout the economy" must be found not disabled).

The ALJ found that the vocational expert's testimony about the type of work Ms. Brown could perform "was consistent with the information in the Dictionary of Occupational Titles." Ms. Brown didn't challenge that finding at the administrative hearing, and hasn't presented any evidence to the contrary.

Ms. Brown's assertion that the ALJ failed to address issues raised in the court's previous order remanding this case for further proceedings, Brown v.

6

Astrue, 2009 WL 4730576 (N.D. Ind. Dec. 3, 2009), is inaccurate. The ALJ addressed the assessments by Dr. Patrick Walsh (a consulting examiner) and the state agency psychological consultants, Dr. Fred Kladder and Dr. William Shipley, and gave both significant and/or great weight in evaluating Ms. Brown's residual functional capacity. His findings about Ms. Brown's credibility were thorough, supported by substantial evidence, and were unchallenged. The ALJ also addressed the conflicting GAF ratings by Julia Mills, a social worker, and David Jarmon, Ph.D., a clinical psychologist, finding that they weren't "indicative of the claimant's functional limitations," and that neither the Social Security regulations or case law required him to determine the extent of Ms. Brown's disability based on her GAF scores. Citing Denton v. Astrue, 596 F.3d 419, 425 (7th Cir. 2010), and cases cited therein.

While the ALJ's reliance on the vocational expert's testimony at step five regarding other jobs Ms. Brown might have been capable of performing might be flawed, any error was harmless because substantial evidence supported the ALJ's determination that Ms. Brown was capable of performing her past relevant work, and, therefore, was not disabled. The ALJ's findings at the fifth step were made in the alternative, and were unnecessary.

7

For the foregoing reasons, the court AFFIRMS the decision of the Commissioner of Social Security.

SO ORDERED.

ENTERED:  March 28, 2013 

/s/ Robert L. Miller, Jr.
Judge
United States District Court